**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**THOMAS COOK UK LTD.,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:11-cv-1991-Orl-31DAB**

**MAESBURY HOMES, INC.,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT ON THE PLEADINGS (Doc. No. 14)**
>
> **FILED:** January 31, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On December 15, 2011, Plaintiff Thomas Cook UK Ltd., filed a Complaint against Maesbury Homes, Inc. for for breach of contract, account stated, and open account pursuant to an agreement between the parties for rental of villas, condominiums, and townhomes owned by Defendant. Doc. 1. Plaintiff now seeks a final default judgment on its claims, and for damages in excess of $2 million.

Following service of process on Defendant Maesbury Homes, Inc. on December 16, 2011, Defendant failed to timely respond. Doc. 7. Defendant was served via service on its registered agent, R & A Agents, Inc., Melissa Gurlacz as authorized employee of the Defendant-corporation's

Registered Agent at 350 E. Las Olas Blvd., Suite 1150, Ft. Lauderdale, Florida 33301[1]. Doc. 7. Pursuant to Federal Rules of Civil Procedure 4(h)(1) service on corporations, partnerships or other unincorporated associations within a judicial district of the United States is accomplished in the same way as service on individuals in accordance with Rule 4(e)(1) or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of process. F.R.C.P. 4(h)(1). Under Rule 4(e), service is accomplished in accordance by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made or by delivering a copy to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. Pro. 4(e).

Florida Statute § 48.081(3)(a) allows process to be served on the registered agent of a corporation, however, if service cannot be made on a registered agent because of failure to have a registered agent available in the office during 10 a.m. to 12 noon each day, service of process shall be permitted on any employee at the corporation's principal place of business. *See SunTrust Bank v. Electronic Wireless Corp*, 23 So.3d 774, 776-77 (Fla. 3rd DCA 2009) (citing Fla. Stat. § 48.091(2)).

Service in this case, made on an employee of the registered agent was effective service against the Defendant-corporation pursuant to Florida Statute § 48.081(3)(a). The statute reads in pertinent part:

> (1) Process against any corporation, domestic or foreign, may be served:
>     (a) On the president or vice president, or other head of the corporation;
>     (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>     (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

---

[1] This registered agent resigned effective 31 days after the date of filing, which was December 5, 2011. *See* www.sunbiz.org for Maesbury Homes, Inc., "registered agent resignation."

> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph( c), on any office or business agent residing in the state.
> \* \* \* \*
>
> (3)(a) As an alternative to all the foregoing, process may be served on the agent designated by the corporation under s. 48.091[2]. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. *A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.*

Fla. Stat § 48.081 (emphasis added). Service of process was proper under § 48.081 because the person attempting to serve process served "any employee of the registered agent during the first attempt at service." Fla. Stat § 48.081.

Plaintiff moved for entry of a clerk's default against Defendant on January 10, 2012. Doc. 8. The Clerk entered default on January 12, 2012. Doc. 9. Plaintiff now moves for a default judgment against the Defendant and has filed the supporting Affidavit of Philip Poile (Doc. 14-2); the matter is now ripe for resolution.

**Analysis**

Plaintiff moves for default judgment on its claims for breach of contract, account stated, and open account pursuant to an agreement between the parties for rental of villas, condominiums, and townhomes owned by Defendant. Doc. 1. A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003). Plaintiff contends that it is entitled to recover $2,067,351.00 for breach of the contractual agreement.

---

[2] Section 48.091 requires Florida corporations to "keep the registered agent office open from 10 a m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours." Fla. Stat. § 48.091.

Doc. 1. The Court finds that Defendant's failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. *See, e.g.*, *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact"); *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) (same).

Plaintiff is a United Kingdom company formed under the laws of the Country of the United Kingdom having its principal place of business in the United Kingdom. Doc. 1 ¶ 3. Plaintiff is the successor in interest, via acquisition, to Style Holidays Ltd., which was a United Kingdom company formed under the laws of the Country of the United Kingdom having its principal place of business in the United Kingdom and which had been part of Thomas Cook Group PLC., which is now Thomas Cook UK Ltd. See Complaint. Doc. 1 ¶ 7. During 2000, Plaintiff's predecessor in interest and Defendant entered into various contracts for the rental of large blocks of villa, condominium and townhouse units owned by the Defendant (the "Units"). Doc. 1 ¶¶ 8-12. Plaintiff's predecessor in interest and Defendant agreed that the $7,887,251.00 in advance deposit payments was to be drawn down based upon the utilization of Units by Plaintiff's predecessor in interest and monthly cash payments made by the Defendant to Plaintiff's predecessor in interest. Doc. 1 ¶ 13. Defendant breached the understanding between the Plaintiff's predecessor in interest and Defendant by failing to pay the remaining $2,067,351 balance owed on the $7,887,251 advance deposit payment. Doc. 1 ¶15.

Plaintiff has stated the proper elements for a breach of contract claim. *Beck v. Lazard Freres & Co., LLC*, 175 F. 3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)) ("The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages."). Plaintiff has also set forth the particulars required for account stated and

open account. Fla. R. Civ. Pro. Forms 1.932, 1.933. On July 30, 2008, Paul Oxley, the president of Defendant, agreed that Defendant owed Plaintiff's predecessor in interest a total of $2,067,351.00. Doc. 1 ¶ 16; Ex. 3. According to the affidavit of Philip Poile, Plaintiff's Group Agency and Hotel Purchasing Director and custodian of records, Defendant owes Plaintiff a total of $2,067,351 as of July 30, 2008. Doc. 14-2.

Plaintiff is also entitled to prejudgment interest at the Florida statutory rate of 4.75% per year[3]. The total amount of damages is: $2,067,351, plus $344.369.70 in interest through January 31, 2012, plus a per diem of $269.04 per day thereafter. Doc. 14.

## CONCLUSION

Having reviewed the record in the case, it is respectfully **RECOMMENDED** that default final judgment be entered in Plaintiff's favor against Defendant for the principal amount of $2,067,351, plus $344.369.70 in interest through January 31, 2012, plus a per diem of $269.04 per day.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 15, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] In this diversity jurisdiction case, Plaintiff is entitled to prejudgment interest at the rate provided for by Florida law. Fla. Stat. § 687.01 (rate in absence of contract is provided in § 55.03). The current rate is 4.75% for judgments entered in the year 2012.